UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES GARRETT HARDING,

    Plaintiff,

vs.

SONOMA COUNTY COURTS JUDGES and ROBERT LAFORGE,

    Defendants.

No. C 11-2720 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per

curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's statement of his claim reads as follows: "Each judge and Robert La Forge has shown gross negligence, judicial misconduct and treasonous actions.  There are several claims against each judge and Robert La Forge.  [Request for counsel and investigator omitted]  Also unfair business practices, due process violations, contract law violation, civil rights violations."  He presents no facts whatsoever as to what the defendants purportedly did to violate his rights.  The allegations he does provide are conclusory and thus inadequate to state a claim under *Iqbal*.  The complaint will be dismissed with leave to amend.

**C.     Request for Counsel**

Plaintiff requests counsel in his complaint and in a separate letter.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  It is not possible to determine with certainty at this stage of the case the likelihood plaintiff will succeed on the merits, but the immunity of judges and prosecutors suggests that it is not high.  And there is nothing in the complaint that suggests plaintiff lacks the ability to plead the necessary facts, if they exist and he chooses to do so.  The request for counsel will be denied.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. Plaintiff's request for "appointment" of counsel (document number 3 on the docket) is **DENIED**.

///

3

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  June 27, 2011.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\HARDING2720.DWLTA.wpd

4